UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CVENT, INC., and ONE CLIPBOARD, LLC d/b/a Splash,

    *Plaintiffs*,

v.

JOYN EXPERIENCES, INC. d/b/a Zuddl,

    *Defendant*.

Civ. No.  1:25-cv-1341

**DEFENDANT JOYN EXPERIENCES, INC.'S ANSWER AND GROUNDS OF DEFENSE**

    Now Comes Defendant Joyn Experiences, Inc. d/b/a Zuddl ("Defendant" or "Zuddl") and for its Answer and Grounds of Defense to Plaintiffs Cvent, Inc.'s ("Cvent") and One Clipboard, LLC d/b/a Splash's ("Splash's") (collectively "Plaintiffs'") Complaint states as follows:

**NATURE OF THE ACTION**

    1.    The allegations of Paragraph 1 of the Complaint are denied.  Zuddl only accessed information that 1) belonged to CrowdStrike and 2) is publicly available through Splash's own website and "knowledge base and youtube channel."

    2.    In response to the allegations of Paragraph 2 of the Complaint, Zuddl states that it is without information sufficient to admit or deny anything other than that Splash is an event management platform, and therefore demands proof of the remaining allegations in Paragraph 2 of Plaintiffs' Complaint.

    3.    In response to the allegations of Paragraph 3 of the complaint, Zuddl denies the characterization that after five years it is a "new entrant" to the event management marketplace.  The

1

remainder of Paragraph 3 of Plaintiffs' Complaint is admitted.

4. The allegations of Paragraph 4 of the Complaint are denied. Zuddl did not gain any "behind the scenes" access to Splash's platform in that the only non-publicly available information that Zuddl gained access to was delivery data belonging to CrowdStrike and identified as "Client Content" in Splash's Master Services Agreement at Paragraph 6.3. The remainder of what Zuddl had access to was limited to publicly available CrowdStrike and Splash information. In particular, Zuddl's access was limited to a view-only user account for the purpose of viewing the Client Content limited to confirmation emails and event landing pages created by and/or belonging to CrowdStrike.

5. The allegations of Paragraph 5 are denied. Zuddl was approached by CrowdStrike and informed that CrowdStrike wished to switch to Zuddl's services and would not be renewing its agreement with Splash. It was only after Zuddl was approached by CrowdStrike and entered into an agreement with Zuddl for Zuddl to provide event management services that Zuddl was provided with any information belonging to CrowdStrike in order to stand up services for CrowdStrike. Zuddl denies that Splash's platform is proprietary and demands strict proof thereof. Zuddl denies that it intended to or actually did misappropriate any part of Splash's platform. Zuddl has no information related to negotiations between CrowdStrike and Splash.

6. The allegations of Paragraph 6 are denied.

7. In response to the allegations of Paragraph 7 of the Complaint, Zuddl denies that it has obtained any proprietary and/or trade secret material from Splash and denies that Splash has been harmed in any manner or that it is entitled to any damages. Zuddl further states that Splash knows that the alleged misappropriation of trade secrets could not have occurred in that 1) Zuddl had no access to any source code or underlying functionality created by Splash and 2) all information seen by Zuddl either was information belonging to CrowdStrike or information that Splash has shared to the general public and thus

does not constitute trade secret or other proprietary, protected information. Zuddl also denies that it interfered with any contracts or agreements between CrowdStrike and Splash.

## PARTIES

8. The allegations of Paragraph 8 of Splash's Complaint require no response but to the extent that a response is required Zuddl states that it is without information sufficient to admit or deny the allegations.

9. The allegations of Paragraph 9 of the Complaint are admitted.

## JURISDICTION AND VENUE

10. In response to the allegations of Paragraph 10 of the Complaint, Zuddl denies that this Court has subject matter jurisdiction in that Splash has not alleged and cannot prove any facts to support its claims against Zuddl.

11. The allegations of Paragraph 11 of the Complaint are denied.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Zuddl denies that it committed any of the acts alleged in Paragraph 12 of Splash's Complaint.

13. In response to the allegations of Paragraph 13 of the Complaint, Zuddl denies that the Court has personal jurisdiction over Zuddl in that the Court lacks subject matter jurisdiction and therefore cannot properly assert personal jurisdiction over Zuddl.

14. The allegations of Paragraph 14 are denied.

## FACTUAL ALLEGATIONS

**A. Splash Provides a Market-Leading Event Management Platform to Hundreds of Corporate Customers**

15. In response to the allegations of Paragraph 15 of the Complaint, Zuddl admits that Splash operates an event management and marketing platform for the general public. The remainder of the

allegations of Paragraph 15 of the Complaint comprise puffery and/or superlatives related to Splash's platform which Zuddl denies and demands proof thereof.

16. Zuddl is without information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Zuddl is without information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. Zuddl is without information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Zuddl is without information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint.

**B. Splash Limits Access to Its Platform to Licensed Users Who Agree to Keep Splash's Platform Confidential, and Restricts Access to Registered Users with Passwords**

20. Zuddl is without information sufficient to admit or deny that Splash employees are required to sign confidentiality agreements in accordance with the allegations contained in Paragraph 20 of the Complaint.

21. Zuddl is without information sufficient to admit or deny whether the language recited in Paragraph 21 of the Complaint is Splash's "standard" confidentiality clause and further states that the alleged Master Services Agreement is between Splash and CrowdStrike. Zuddl is not a party to and has no information regarding the Master Services Agreement and takes no position with regards to what Splash and CrowdStrike did or did not agree to in the Master Services Agreement. To the extent that a response is required, Zuddl demands strict proof that the Master Services Agreement states what Splash alleges it states, and further demands that Splash show how the Master Services Agreement is relevant to its claims against Zuddl.

22.     In response to the allegations of Paragraph 22 to the Complaint, Zuddl states that it is not a party to and has no information regarding the Master Services Agreement and takes no position with regards to what Splash and CrowdStrike did or did not agree to in the Master Services Agreement. To the extent that a response is required, Zuddl demands strict proof that the Master Services Agreement states what Splash alleges it states, and further demands that Splash show how the Master Services Agreement is relevant to its claims against Zuddl.

23.     In response to the allegations of Paragraph 23 of the Complaint, Zuddl states that it is not a party to and has no information regarding the Master Services Agreement and takes no position with regards to what Splash and CrowdStrike did or did not agree to in the Master Services Agreement. To the extent that a response is required, Zuddl demands strict proof that the Master Services Agreement states what Splash alleges it states, and further demands that Splash show how the Master Services Agreement is relevant to its claims against Zuddl.

24.     In response to the allegations of Paragraph 24 of the Complaint, Zuddl states that it is not a party to and has no information regarding the Master Services Agreement and takes no position with regards to what Splash and CrowdStrike did or did not agree to in the Master Services Agreement. To the extent that a response is required, Zuddl demands strict proof that the Master Services Agreement states what Splash alleges it states, and further demands that Splash show how the Master Services Agreement is relevant to its claims against Zuddl.

25.     Zuddl is without information sufficient to respond to the statements in Paragraph 25 of the Complaint and states that it only had access to CrowdStrike's information by and through CrowdStrike.

26.     The allegations of Paragraph 26 are denied..

C.  **Zuddl Enters the Market, Touts Itself as a Competitor to Splash, and Infiltrates Splash's Platform Through a Licensed Customer's Account**

27.     The allegations of Paragraph 27 of the Complaint are admitted.

28. In or about June 2025, CrowdStrike-in breach of the MSA-gave Zuddl extensive, unauthorized access to Splash's platform. In response to the allegations in Paragraph 28 of the Complaint, Zuddl is not a party to the Master Services Agreement and therefore is without sufficient information to admit or deny whether or not any breach of the Master Services Agreement occurred. Zuddl admits that CrowdStrike gave it view-only permission to view CrowdStrike's event management information hosted on Splash, but denies the remainder of Paragraph 28.

29. In response to the allegations of Paragraph 29 of the Complaint, Zuddl states that it is without sufficient information to admit or deny how long and in what capacity CrowdStrike had a relationship with Splash, nor does Zuddl have any information as to whether or not Splash and CrowdStrike were negotiating a renewal of the Master Services Agreement between CrowdStrike and Splash. Zuddl admits that CrowdStrike approached it to take over providing an event management and marketing platform.

30. In response to the allegations of Paragraph 30 of the Complaint, Zuddl has no information sufficient to admit or deny anything having to do with alleged negotiations between Splash and CrowdStrike. Zuddl does state, however, that by and through the allegations in Paragraph 30 of the Complaint Splash admits that it was the entity that declined to enter into a new services agreement in that it did not accept or counter the offer made by CrowdStrike to continue its services agreement with Splash, and thus admits that Zuddl did not and could not have interfered with the termination of the negotiations and the failure of Splash to agree to terms with CrowdStrike on a new services agreement.

31. In response to the allegations of Paragraph 31 of the Complaint, Zuddl states that it is without information sufficient to speak to what concerns Splash may or may not have. Nor does Zuddl have information regarding what "investigating" Splash accomplished. Zuddl admits that it was given

view-only access to CrowdStrike's event and marketing management profile hosted by Splash.

32. Zuddl denies the allegations contained in the first sentence of Paragraph 32 of the Complaint. Zuddl admits that CrowdStrike's Manager Teddy Babanao provided Zuddl with access to CrowdStrike's Splash account so that CrowdStrike's proprietary information could be incorporated into CrowdStrike's new Zuddl account to provide a seamless transfer of information. Zuddl denies the remaining characterizations in the allegations of Paragraph 32 of the Complaint.

33. In response to the allegations in Paragraph 33 of the Complaint, Zuddl is not a party to the Master Services Agreement and therefore is without sufficient information to admit or deny whether or not any breach of the Master Services Agreement occurred.

34. Zuddl is without sufficient information to admit or deny the allegations of Paragraph 34 of the Complaint. In particular, Splash does not define what "behind-the-scenes demonstrations of Splash's proprietary design and feature compilations" constitutes. Zuddl also has insufficient information to speculate as to the intent of CrowdStrike and therefore cannot admit or deny the same.

35. In response to the allegations of Paragraph 35 of the Complaint, Zuddl states that it is without information sufficient to admit or deny when or how CrowdStrike may or may not have prepared anything related to Splash but admits that is viewed information in the context of CrowdStrike's Splash account that is the same information available to each and every Splash account holder as well as each and every member of the public who views Splash's training videos and/or Splash's knowledge database providing page and event demonstrations that are all made available to the general public.

36. In response to the allegations contained in Paragraph 36 of the Complaint, Zuddl denies that it ever had access to any information that Splash can claim as trade secret or that Splash has otherwise taken steps to protect. Zuddl admits that it viewed CrowdStrike's account in conjunction with

CrowdStrike but denies that it obtained any trade secret information that is or was otherwise unavailable to the general public. Zuddl cannot admit or deny the allegations that it accessed "various features" as Splash has not identified what it means by "various features." Zuddl admits it viewed CrowdStrike's Splash account and saw information that was and/or is available to the general public but denies that it had access to any information not available to the general public except for information belonging to CrowdStrike. Zuddl admits that on certain days it viewed CrowdStrike's user account, but cannot verify specific dates and times. Zuddl admits that at a certain point it could no longer access CrowdStrike's user account through the information it had been provided.

**D. On June 17, 18, and 25, Zuddl Accessed the Splash Platform**

37. In response to Paragraph 37, Zuddl admits that it viewed CrowdStrike's user account, but denies that it viewed any information not available to the general public with the exception of the information belonging to CrowdStrike.

38. In response to the allegations of Paragraph 38 of the Complaint, Zuddl admits that on certain days it viewed CrowdStrike's user account, but cannot verify specific dates and times.

39. In response to the allegations contained in Paragraph 39 of Splash's Complaint, Zuddl admits that the My Events dashboard contains some of the information identified by Splash, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public.

40. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 40 of the Complaint, and demands strict proof of the allegations.

41. In response to the allegations contained in Paragraph 41 of Splash's Complaint, Zuddl admits that some of the information identified by Splash is contained on the subject page, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public.

42. In response to the allegations contained in Paragraph 42 of Splash's Complaint, Zuddl

8

admits that the Event Filters function contains some of the information identified by Splash, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public.

43. In response to the allegations in Paragraph 43 of the Complaint, Zuddl denies the characterization of the information as described by Splash. Zuddl also denies that any of the information described in Paragraph 43 is subject to trade secret protection in that all of it has been made available to the general public and that Zuddl had no access to any information that has not been made available to the general public except information belonging to CrowdStrike.

44. In response to the allegations contained in Paragraph 44 of Splash's Complaint, Zuddl admits that the Library page contains some of the information identified by Splash, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public.

45. In response to the allegations contained in Paragraph 45 of Splash's Complaint, Zuddl admits that the Library page contains some of the information identified by Splash, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public. Zuddl also denies that it had access to any information other than that available to the general public.

46. In response to the allegations contained in Paragraph 46 of Splash's Complaint, Zuddl admits that the Library page contains some of the information identified by Splash, but denies that any of it is subject to trade secret protection in that all of it has been made available to the general public. Zuddl also denies that it had access to any information other than that available to the general public.

47. In response to the allegations contained in Paragraph 47 of Splash's Complaint, Zuddl denies that it had access to any information other than that available to the general public.

48. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 48 of the Complaint, and demands strict proof of the allegations.

49. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 49 of the Complaint, and demands strict proof of the allegations.

50. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 50 of the Complaint, and demands strict proof of the allegations. Zuddl admits that the Confirmations page contains some of the information identified by Splash in Paragraph 50 but denies that any of the information identified is subject to trade secret protection.

51. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 51 of the Complaint, and demands strict proof of the allegations. Zuddl admits that the Confirmations page contains some of the information identified by Splash in Paragraph 51 but denies that any of the information identified is subject to trade secret protection.

52. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 52 of the Complaint, and demands strict proof of the allegations.

53. In response to the allegations of Paragraph 53 of the Complaint, Zuddl admits that the event design screen contains some of the information identified by Splash in Paragraph 53 but denies that any of the information identified is subject to trade secret protection. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 53 of the Complaint, and demands strict proof of the allegations.

54. Zuddl denies the allegations in Paragraph 54 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 54 of the Complaint is subject to trade secret protection.

55. Zuddl denies the allegations in Paragraph 55 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 55 of the Complaint is subject to trade secret protection.

56. Zuddl denies the allegations and characterizations in Paragraph 56 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 56 of the Complaint is subject to trade secret protection.

57. Zuddl denies the allegations and characterizations in Paragraph 57 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 57 of the Complaint is subject to trade secret protection.

58. Zuddl denies the allegations and characterizations in Paragraph 58 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 58 of the Complaint is subject to trade secret protection.

59. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 59 of the Complaint, and demands strict proof of the allegations. Zuddl further states that none of the information identified by Splash in Paragraph 59 of the Complaint is subject to trade secret protection.

60. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 60 of the Complaint, and demands strict proof of the allegations. Zuddl further states that none of the information identified by Splash in Paragraph 60 of the Complaint is subject to trade secret protection.

61. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 61 of the Complaint, and demands strict proof of the allegations. Zuddl further states that none of the information identified by Splash in Paragraph 61 of the Complaint is subject to trade secret protection.

62. Zuddl is without information sufficient to admit or deny the activities and timeline alleged by Splash in Paragraph 62 of the Complaint, and demands strict proof of the allegations. Zuddl

further states that none of the information identified by Splash in Paragraph 62 of the Complaint is subject to trade secret protection.

63. Zuddl denies the allegations and characterizations in Paragraph 63 and demands strict proof thereof. Zuddl further states that none of the information identified by Splash in Paragraph 63 of the Complaint is subject to trade secret protection. Zuddl also denies that it has information sufficient to replicate Splash's platform in whole or in part and has no desire to, even if it had information sufficient to do so. Zuddl further denies that it "poached" CrowdStrike from Splash.

**64. CrowdStrike and Zuddl Failed to Respond to Splash's Repeated Requests for Key Information About the Breach**

65. In response to the allegations in Paragraph 65 of the Complaint, Zuddl admits that it received the letter from counsel for Splash.

66. In response to the allegations in Paragraph 66 of the Complaint, Zuddl admits that it received the letter from counsel for Splash.

67. Zuddl admits the allegations in Paragraph 67 of the Complaint.

68. In response to Paragraph 68 of the Complaint, Zuddl admits that it was informed that Splash sent a letter to CrowdStrike.

69. In response to Paragraph 69 of the Complaint, Zuddl admits that it is aware that CrowdStrike sent correspondence to Splash, and that the correspondence, to the extent that it exists, speaks for itself.

70. In response to Paragraph 71 of the Complaint, Zuddl admits that it is aware that Splash sent correspondence to CrowdStrike and that the correspondence, to the extent that it exists, speaks for itself.

71. In response to Paragraph 72 of the Complaint, Zuddl admits that it is aware that CrowdStrike sent correspondence to Splash, and that the correspondence, to the extent that it exists,

speaks for itself.

72. Zuddl is without information sufficient to admit or deny the allegations in Paragraph 73 of the Complaint, and Zuddl cannot speak to the intent of either CrowdStrike or Zuddl.

**COUNT I**
**Misappropriation of Trade Secrets –**
**Defend Trade Secrets Act, 18 U.S.C. § 1836,** *et seq.*

73. Paragraph 74 of the Complaint requires no response.

74. Zuddl is without information sufficient to admit or deny the allegations contained in Paragraph 75 of the Complaint.

75. The allegations of Paragraph 76 of the Complaint are denied.

76. The allegations of Paragraph 77 of the Complaint are denied.

77. The allegations of Paragraph 78 of the Complaint are denied.

78. The allegations of Paragraph 79 of the Complaint are denied.

79. The allegations of Paragraph 80 of the Complaint are denied.

80. The allegations of Paragraph 81 of the Complaint are denied.

81. The allegations of Paragraph 82 of the Complaint are denied.

82. The allegations of Paragraph 83 of the Complaint are denied.

83. The allegations of Paragraph 84 of the Complaint are denied.

84. The allegations of Paragraph 85 of the Complaint are denied.

85. In response to Paragraph 86 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

**COUNT II**
**Misappropriation of Trade Secrets –**
**Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336,** *et seq.*

86. Paragraph 87 of the Complaint requires no response.

87. In response to the allegations of Paragraph 88 of the Complaint, Zuddl states that it is without information sufficient to admit or deny who owns the Splash platforms and demands strict proof thereof. Zuddl also denies that the Splash platform is a trade secret.

88. In response to the allegations of Paragraph 89 of the Complaint, Zuddl denies that Splash takes reasonable efforts to maintain secrecy of the Splash platform and is without information sufficient to admit or deny if Splash requires all licenses customers to sign confidentiality agreements.

89. The allegations of Paragraph 90 of the Complaint are denied.

90. The allegations of Paragraph 91 of the Complaint are denied.

91. The allegations of Paragraph 92 of the Complaint are denied.

92. The allegations of Paragraph 93 of the Complaint are denied.

93. The allegations of Paragraph 94 of the Complaint are denied.

94. The allegations of Paragraph 95 of the Complaint are denied.

95. The allegations of Paragraph 96 of the Complaint are denied.

96. The allegations of Paragraph 97 of the Complaint are denied.

97. The allegations of Paragraph 98 of the Complaint are denied.

98. In response to Paragraph 86 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

## COUNT III
**Computer Fraud –
Virginia Computer Crimes Act, Va. Code § 18.2-152.1,** *et seq.*

99. The allegations of Paragraph 100 of the Complaint require no response.

100. The allegations of Paragraph 101 of the Complaint are denied.

101. The allegations of Paragraph 102 of the Complaint are denied.

102. The allegations of Paragraph 103 of the Complaint are denied.

103. In response to Paragraph 104 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

## COUNT IV
### Computer Trespass –
### Virginia Computer Crimes Act, Va. Code § 18.2-152.1, *et seq.*

104. The allegations of Paragraph 105 of the Complaint require no response.

105. The allegations of Paragraph 106 of the Complaint require no response.

106. The allegations of Paragraph 107 of the Complaint require no response.

107. The allegations of Paragraph 108 of the Complaint are denied.

108. The allegations of Paragraph 109 of the Complaint are denied.

109. In response to Paragraph 110 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

## COUNT IV [SIC: MISLABLED AND SHOULD BE COUNT V]
### Tortious Interference with Contract

110. The allegations of Paragraph 111 require no response.

111. The allegations of Paragraph 112 are denied.

112. The allegations of Paragraph 113 are denied.

113. The allegations of Paragraph 114 are denied.

114. In response to Paragraph 115 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

## COUNT V [SIC: MISLABLED AND SHOULD BE COUNT VI]
### Tortious Interference with Business Expectancy

115. The allegations of Paragraph 116 of the Complaint require no response.

116. The allegations of Paragraph 117 are denied.

117. The allegations of Paragraph 118 are denied.

118. The allegations of Paragraph 119 of the Complaint are denied.

119. The allegations of Paragraph 120 of the Complaint are denied.

120. In response to Paragraph 121 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

## COUNT VI [SIC; MISLABLED AND SHOULD BE COUNT VII]
### Trespass to Chattels

121. The allegations of Paragraph 122 of the Complaint require no response.

122. The allegations of Paragraph 123 of the Complaint are denied.

123. The allegations of Paragraph 124 of the Complaint are denied.

124. The allegations of Paragraph 125 of the Complaint are denied.

125. In response to Paragraph 126 of the Complaint, Zuddl denies that Splash is entitled to any damages or injunctive relief.

126. The allegations of Paragraph 127 of the Complaint are denied, and Zuddl denies that Splash is entitled to any damages or injunctive relief.

## PRAYER FOR RELIEF

Zuddl denies that Splash is entitled to any of the relief sought in its Prayer for Relief.

Jury Trial Demanded.

## AFFIRMATIVE DEFENSES

1. Splash has failed to state a claim upon which relief may be had.

2. Splash has failed to join a necessary party under Fed. R. Civ. P. 19.

3. The Court lacks subject matter jurisdiction.

4. The information claimed by Splash to have been misappropriated is not a trade secret because it is publicly known and/or readily ascertainable.

5. There has been no misappropriation by Zuddl through improper acquisition, use, and/or disclosure.

6. The information claimed to have been misappropriated was acquired lawfully by Zuddl from CrowdStrike who had the right to disclose the information.

7. Splash failed to take reasonable measures to keep the claimed trade secret information secret.

8. Zuddl cannot have tortiously interfered with any agreement between Zuddl and Splash as there was no agreement to interfere with.

Respectfully Submitted,

**JOYN EXPERIENCES, INC. d/b/a Zuddle**

/s/ Duncan G. Byers
Duncan G. Byers, Esq. (VSB# 48146)
Matthew D. Meadows, Esq. (VSB# 98305)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188
Telephone: 757-903-0879
Facsimile:  757-401-6770
dbyers@grsm.com
mmeadows@grsm.com
*Attorneys for Defendant*
*JOYN EXPERIENCES, INC. d/b/a Zuddle*

## CERTIFICATE OF SERVICE

On August 25, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Virginia, Alexandria Division using the electronic case filing system of the court which will electronically provide notice to all counsel of record.

/s/ Duncan G. Byers
Duncan G. Byers, Esq. (VSB# 48146)
Matthew D. Meadows, Esq. (VSB# 98305)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188
Telephone: 757-903-0879
Facsimile:  757-401-6770
dbyers@grsm.com
mmeadows@grsm.com
*Attorneys for Defendant*
*JOYN EXPERIENCES, INC. d/b/a Zuddle*