UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| CVENT, INC., and ONE CLIPBOARD, LLC d/b/a Splash, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOYN EXPERIENCES, INC. d/b/a Zuddl, <br><br> *Defendant*. | Civ. No. 1:25-cv-1341 |

### DEFENDANT JOYN EXPERIENCES, INC.'S BRIEF SUMMARIZING ITS POSITION IN OPPOSITION TO PLAINTIFES' MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COMES Defendant, Joyn Experience, Inc. d/b/a Zuddl ("Defendant" or "Zuddl"), and for its Brief summarizing its position in opposition to Plaintiffs Cvent, Inc.'s and One Clipboard, LLC's d/b/a Splash (collectively "Plaintiffs" or "Splash"), pursuant to the Court's Order of August 28, 2025, and states as follows.

**I.   SUMMARY**

Plaintiffs cannot prevail on their Motion for a Temporary Restraining Order. Preliminary injunctions and restraining orders are extraordinary remedies "intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). To prevail, Plaintiffs must show that "(1) [they] is likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm absent the requested preliminary relief, (3) the balance of equities weighs in [their] favor, and (4) a preliminary injunction is in the public interest." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019), as

amended (Oct. 31, 2019) (*citing Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (*en banc*))."

The primary failure of Plaintiffs' position is that they have not and cannot show any information that is protectable or potentially protectable as trade secret(s). The only thing that Plaintiffs have proffered in support of their Motion is "a hazy grouping of information . . . [without showing] what, if anything, was deserving of trade secret protection," *Insulet v. EOFLow,* 104 F.4th 873, 881 (Fed. Cir. 2024), and have not ". . . establish[ed] likelihood of success on the merits of at least one, specifically defined, trade secret." *Insulet*, 104 F.4th at 881. Plaintiffs simply recite general ideas as trade secrets which don't provide the specificity necessary for claims of trade secret protection. Even if Plaintiffs could potentially claim trade secret protection for any of the elements and/or overall general structure of their Splash platform, Plaintiffs have voluntarily and without restrictions of any kind provided hours of detailed training to the general public as to the overall structure and the individual interacting elements – the nuts and bolts - of the Splash platform.

Plaintiffs have also failed to demonstrate any particularized and immediate harm, let alone a harm that cannot be remedied by legal recourse through the normal course of litigation.

Plaintiffs have also failed to show that the balance of equities favor them in any way, especially in light of the fact that what Plaintiffs are asking the Court to do is to remove public information from use by members of the public with free and unfettered access to it. It is worth noting that despite Plaintiffs' complains about concerns that its alleged trade secrets become public knowledge, Plaintiffs have failed to remove all of the training materials that they have provided to the public describing, in detail, the parts of and how their Splash platform operates.

Plaintiffs have also failed to demonstrate that the requested TRO is not adverse to the

public interest. To the contrary, viewing of and reverse engineering of another's website platform is in the public's interest in that it furthers advancements in the field as well as fostering healthy marketplace competition.

In addition to failing to meet the required elements for the Court to grant the TRO, Plaintiffs' Motion should also be denied in that the relief sought specifically includes that the relief be granted against CrowdStrike as well as Zuddl. CrowdStrike is not properly before the Court, and Plaintiffs have failed to meet the requirements of Fed. R. Civ. P. 65 necessary for the Court to enter a TRO against CrowdStrike.

Plaintiffs cannot and have not demonstrated evidence sufficient to meet any one of the elements, let alone all four as required. Their Motion should be denied.

II.     APPLICABLE LAW

To obtain a temporary restraining order (preliminary injunction) ("TRO") Plaintiffs are required to show "(1) [they are] likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm absent the requested preliminary relief, (3) the balance of equities weighs in [their] favor, and (4) a preliminary injunction is in the public interest." *In re Search Warrant Issued June 13, 2019*, 942 at 17. For Plaintiffs to obtain a preliminary injunction, they have to "establish the likelihood of [their] success on the merits for at least one, specifically defined, trade secret." *Insulet Corp. v. EOFlow, Co. LTD*, 104 F.4th 873, 882 (Fed. Cir. 2024) (a "hazy grouping of information" is not sufficient). Even if Platintiffs' platform is subject to some form of trade secret protection, if the Splash platform can be reproduced via reverse engineering, *i.e.* seeing what it does even without seeing how it does it (such as by access to the underlying computer code) then it is not eligible for trade secret protection. *Insulet Corp. v. EOFlow, Co. LTD*, 104 F.4th 873, 882 (Fed. Cir. 2024), citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470,

475 (1974). And taking measures to protect some unidentified "set of information" is insufficient to show that Plaintiffs took reasonable measures to defend what it claims as trade secret. *Insulet Corp. v. EOFlow, Co. LTD*, 104 F.4th 873, 881 (Fed. Cir. 2024).

Content of a webpage rendered in a browser can be accessed and inspected using the developer tools built into web browsers (*i.e,* the "inspect" function in a web browser). And "[i]t is axiomatic that source code cannot qualify as a trade secret if it is 'known or readily ascertainable to third parties.'" *Xtec, Inc. v. Cardsmart Techs., Inc.*, 2014 WL 10268426 at *7 (S.D. Fla. May 15, 2014). S*ee also Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 21 F.4th 1267, 1273 (11th Cir. 2021) ("[A]spects of computer software that are readily ascertainable don't qualify" as trade secrets.).

### III. ARGUMENT

#### A. Likelihood of Success on the Merits

Plaintiffs entire case and their request for a TRO fails completely on the first prong of the analysis in that Plaintiffs attempt to demonstrate protectable trade secrets via a recitation of various buzzwords it ties to its platform without any specificity as to what, exactly, is protectable and without providing the information necessary to weigh their claims: it is impossible for the Court or Defendant to identify, let alone analyze, the alleged trade secrets without the Splash platform in its entirety, which Plaintiffs have not provided. Simple random screenshots and lists of buzzwords are insufficient to demonstrate the existence and ownership of trade secrets. They have only provided what amounts to "a hazy grouping of information . . . [without showing] what, if anything, was deserving of trade secret protection." *Insulet Corp. v EOFLow, Co. Ltd.,* 104 F.4th 873, 881 (Fed. Cir. 2024). In order to prevail, Plaintiffs must ". . . establish a likelihood of success on the merits of at least one, *specifically defined*, trade secret." *Insulet*, 104

F.4th at 881.

In their Complaint (Dkt. 1), in their Memorandum in support of their Motion for TRO (Dkt. 11) and at the outset of the August 26 hearing (transcript attached as Exhibit 1), Plaintiffs represented to the Court that the entirety of their Splash platform (the "Platform") is subject to trade secret protection. Plaintiffs have alleged that the entirety of their Platform is the "trade secret" but have never provided the Court either in pleadings, under seal or not, or at the August 26 hearing, any showing of the entirety of the Platform. All Plaintiffs have provided are a few screenshots of the Platform and nothing else except unsupported arguments. As a result, the Court and Defendant have nothing more than the "hazy grouping of information" that the *Insulet* court warned against finding to be trade secret. Assuming arguendo that Plaintiffs somehow have taken all publicly-available elements and put them together in a new manner, it is perhaps possible that the "platform" as a whole might be protectable. But again Plaintiffs have not shown the "platform" as a whole to either the Court or Defendant.

But even if Plaintiffs had provided the entirety of the Platform, they still cannot show any trade secrets as the entirety of the elements and the platform as a whole are publicly known and have been. Plaintiffs rely upon general lists of items or descriptions of items it considers to be the trade secrets of the Platform with no explanation of how and why those items are individually protectable let alone protectable as a whole. Plaintiffs' only evidence is the argument of counsel and statements in pleadings that the "hazy grouping" it has provided to the Court and Defendant are their trade secret(s). In part, Plaintiffs have asserted that the following items, either individually or as a whole are protectable:

- ideas, technology, techniques, process and procedures (Dkt. 1, ¶ 33)
- integration of tools such as its search and filtering function, page layout, event

    creation and configuration features, confirmation modal, templates and themes

    library, creation modal (Dkt. 1, ¶ 36)

and other items that are simply recitations of general and not specific and detailed trade secrets. However, all of the hazy descriptions of its trade secrets to not amount to trade secrets as Plaintiffs have handed over all of that information to the public.  Further, despite Plaintiffs' arguments to the Court that the videos posted to YouTube are simply for marketing purposes, in fact the videos provided by Splash are identified specifically as training videos and cover the entirety of the use and operation of the Splash platform.  Critically, all of the training videos cited below and identified in the Appendix are 1) available to the general public and 2) have no trade secret or other proprietary notice and have no requirements that a viewer/user sign any agreement or otherwise agree to keep the information confidential.  The following videos listed in Appendix I (attached) are training videos in public showing in overview and in detail everything that Plaintiffs claim are subject to trade secret protection:

- The Basics Splash Training Webinar (Appx. 1)
- Splash Product Tour: Event Marketing Platform (Appx. 2)
- Splash Essentials Training (Appx. 3)
- Splash Designer Pro training series (Part I) (Appx. 4 – 24)
- Splash Designer Pro training series (Part II) (App. 25 – 41)
- Complete Splash Demo: See Splash's Event Software in Action (Appx. 42)

  What is taught in these training videos constitutes what Plaintiffs attempt to claim as protectable trade secrets in their pleadings, argument of counsel, and through Plaintiffs' witness testimony of Katharine Rolfe who testified that what Plaintiffs think are its trade secrets are the overall structure and operation as well as the "event types" and "advanced admin features, like

managing users throughout the team, accessing different types of setting and integrations that CrowdStrike [users?] leverages." Exh. 1, 44:4-9. All of which is taught in minute detail in the above videos.

Splash also provided free accounts so that all members of the public – up through May of 2025 – could gain access to the platform. Exh. 1, 31:8-11. As the U.S Supreme Court has made clear, if information is "readily ascertainable through proper means" like reverse engineering, that information cannot be subject to trade secret protection. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974). *See also Insulet Corp. v. EOFlow, Co. LTD*, 104 F.4th 873, 882 (Fed. Cir. 2024) (*citing Kewanee*).

Content of a webpage rendered in a browser can be accessed and inspected using the developer tools built into web browsers (*i.e,* the "inspect" function in a web browser). And "[i]t is axiomatic that source code cannot qualify as a trade secret if it is 'known or readily ascertainable to third parties.'" *Xtec, Inc. v. Cardsmart Techs., Inc.*, 2014 WL 10268426 at *7 (S.D. Fla. May 15, 2014). S*ee also Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 21 F.4th 1267, 1273 (11th Cir. 2021) ("[A]spects of computer software that are readily ascertainable don't qualify" as trade secrets.).

The videos that Splash has been posting and maintaining for the general public also demonstrate that Plaintiffs cannot identify any portion of the platform that isn't publicly known. Plaintiffs argued that the videos it has made available regarding the use and operation of the "platform" are merely "marketing" and insufficient to have disclosed what it wants to claim is its trade secret. That is not true. Hours of videos specifically marketed as "training" have been provided to the general public, free of charge, and with no requirement that the public enter into any agreements regarding keeping the information confidential. Nor did Splash provide any

notification that any of the information provided was subject to confidentiality, trade secret protection, or otherwise.

Plaintiffs admitted that gaining access to a user account did not allow Zuddl to get access to any underlying code or functionality and that, therefore, Zuddl's access was limited solely to the look and interaction of a client at the user-interface level and to information that belongs solely to CrowdStrike and not to Plaintiffs. In addition, there was no copying or use of any information belonging to Plaintiffs by either CrowdStrike or Zuddl. *See* Declarations of Kyle McCormick (Exh. 2), Joyn Experiences, Inc. d/b/a Zuddl (Exh. 3), and Bharath Raj Dhatrika (Exh. 4).

However, when faced with the public training videos for their platform that demonstrate a walk-through of the appearance and functionality of the user interface, Plaintiffs back-pedaled from the claim that the entirety of the platform is protected by trade secret to arguing that only some of the platform constituted trade secrets. That is insufficient to ". . . establish a likelihood of success on the merits of at least one, specifically defined, trade secret." *Insulet*, 104 F.4th at 881.

Plaintiffs also rely on the argument of counsel and cases saying that the entirety of the site is protectable even though it might incorporate some, as yet undefined, elements that are not in the public domain. That position runs afoul of *Insulet* because they have provided zero evidence of any "one, specifically defined, trade secret" that they are required to show the Court in order to meet the very first prong showing that they have a right to a temporary restraining order. All Plaintiffs have provided is amorphous arguments that the whole of the Splash platform is protectable because of, among other things, "scalability." But Plaintiffs have put on no evidence specifically showing and/or demonstrating what that alleged scalability may be, let

alone defining how they are using the term. They are concerned about "the demonstration itself," Exh.1 at 61:5-8. And yet CrowdStrike has walked the public through exactly the same kind of demonstration in their training videos. *See* Appx. 1.

## IV.     RELIEF SOUGHT AGAINST CROWDSTRIKE.

As noted by Zuddl and the Court at the Motion Hearing, a large portion of the allegations in the Complaint relate to actions taken by CrowdStrike giving rise the claims against Zuddl and CrowdStrike is not named as a defendant nor was CrowdStrike noticed and brought in for the purposes of the Motion. While a TRO may be entered by the Court without full notice and under certain circumstances *ex parte*, *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999), Plaintiffs have not and cannot show that it meets the prerequisites of Fed. R. Civ. P. 65(b).

## V.     CONCLUSION.

For the reasons stated herein, Defendant respectfully submits that Plaintiffs' Motion for Temporary Restraining Order should be denied.


Respectfully Submitted,                    JOYN EXPERIENCES, INC. d/b/a Zuddl

/s/ Duncan G. Byers
Duncan G. Byers, Esq. (VSB# 48146)
Matthew D. Meadows, Esq. (VSB# 98305)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188 Telephone: 757-903-0879
Facsimile: 757-401-6770
dbyers@grsm.com
mmeadows@grsm.com
hbean@grsm.com
Attorneys for Defendant
Joyn Experiences, Inc.d/b/a Zuddl

CERTIFICATE OF SERVICE

    On September 2, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Virginia, Alexandria Division using the electronic case filing system of the court which will electronically provide notice to all counsel of record.

    /s/ Duncan G. Byers
Duncan G. Byers, Esq. (VSB# 48146)
Matthew D. Meadows, Esq. (VSB# 98305)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188
Telephone: 757-903-0879
Facsimile: 757-401-6770
dbyers@grsm.com
mmeadows@grsm.com
hbean@grsm.com
 Attorneys for Defendant
*JOYN EXPERIENCES, INC. d/b/a Zuddl*