UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CVENT, INC., and ONE CLIPBOARD, LLC d/b/a Splash,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOYN EXPERIENCES, INC. d/b/a Zuddl,<br><br>*Defendant*. | Civ. No.  1:25-cv-1341 |

## DECLARATION OF KYLE MCCORMICK

I, Kyle McCormick, declare as follows:

1. I am the Director of Marketing Operations at CrowdStrike, Inc. I make this declaration based on my personal knowledge and review of records maintained in the ordinary course of business. If called as a witness, I could and would testify competently to the facts stated herein.

2. In 2025, CrowdStrike began a transition of certain events from Splash to Zuddl for its event marketing and management needs. My team was tasked with ensuring that dozens of in-flight events were properly migrated in time for upcoming launches. This migration required duplicating confirmation emails and landing pages that were unique for each of approximately 50 active events. The confirmation emails and landing pages were created by or with materials provided by CrowdStrike and were and are CrowdStrike's property ("Client Content"). The scope of work was largely rote or mechanical and did not require access to proprietary source code or engineering functionality.

3. To assist with the migration, a CrowdStrike employee, acting unilaterally, granted Zuddl a view-only user account on Splash on June 17, 2025. This was provided to a single customer success specialist at Zuddl, for the purpose of viewing the Client Content, specifically, the confirmation emails and event landing pages created by or with materials provided by the CrowdStrike marketing team. Zuddl had no ability to build new events, download code, or otherwise use Splash's confidential systems.

4. Based on my understanding, the CrowdStrike employee and the Zuddl customer success specialist accessed the Splash platform on June 17, 2025 (June 18 in India time, where the Zuddl employee was based). Access was removed on or around June 26, 2025. Thereafter, Zuddl no longer had any login credentials or ability to enter the Splash platform.

5. The CrowdStrike employee who granted Zuddl access did so unilaterally, without informing or obtaining approval from his manager or the company. I only became aware of his actions when CrowdStrike received Cvent's June 26, 2025 cease-and-desist letter. Immediately upon receipt of Cvent's June 26, 2025 cease-and-desist letter, CrowdStrike took steps to ensure that no further access would occur:

    - On June 27, 2025, CrowdStrike confirmed its understanding that Zuddl no longer had access to Splash, and instructed Zuddl in writing to cease any use of Splash proprietary information. Zuddl confirmed to CrowdStrike that it would not use any Splash proprietary information.

    - The employee responsible for granting access acted outside the scope of company practices. That individual's employment with CrowdStrike has since been terminated.

6. To my knowledge, neither I nor any member of my team, nor anyone at Zuddl, has used Splash proprietary information for any purpose. No information or data belonging to Cvent/Splash or its other customers was accessed, exported, or retained. CrowdStrike informed Splash of the limited scope of access, confirmation that there was no continued access, that there was no misuse of trade secrets or proprietary information, and of its instructions to Zuddl to refrain from the use of any information or materials it may have accessed belonging to Splash by June 30, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Sunday, August 24, 2025, at Santa Clara, CA.

Kyle McCormick
Director, Marketing Operations
CrowdStrike, Inc.